UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL   'O'

| Case No. | 2:17-cr-00064-CAS-2&4 | Date | August 26, 2025 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | JohnPaul LeCedre, Not Present<br>Blake Hannah, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 2) RAYMUNDO LUGO MARTINEZ | NOT | | X | 2) ANNIE CARNEY<br>ERIN MURPHY | NOT<br>NOT | X<br>X | |
| 4) HENRY QUIJADA | NOT | | X | 4) JOHN AQUILINA | NOT | X | |

**Proceedings:** (IN CHAMBERS) – DEFENDANT RAYMUNDO LUGO-MARTINEZ'S MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT EX. 64A (Dkt. 363)

On February 3, 2017, the government filed a three-count indictment against defendants Esmeralda Gomez ("Gomez"), Raymundo Lugo-Martinez ("Lugo-Martinez"), Javier Hernandez ("Hernandez"), and Henry Quijada ("Quijada") (collectively, "defendants"). Dkt. 1. The indictment charges defendants with (1) conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); and (3) sought criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1)(A). Id.

On December 8, 2021, Hernandez entered a plea of guilty to the first two counts of the indictment. Dkt. 99. Gomez has not made an appearance in this case.

The facts at issue in this case are set forth in the Court's order on Lugo-Martinez's motion to dismiss or for alternative remedies. [Motions under seal, dkts. 264, 290].

On August 19, 2025, Lugo-Martinez filed a motion *in limine* to exclude Government Exhibit 64A ("Ex. 64A"). Dkt. 363 ("Mot."). On August 22, 2025, the government filed its opposition. Dkt. 381 ("Opp.").

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**          'O'

On August 22, 2025, the Court heard arguments from parties on these motions. Having carefully considered the parties' arguments and submissions, and for the reasons stated on the record, the Court finds and concludes as follows.

Lugo-Martinez argues that Ex. 64A, a transcript of an 11-minute phone call between Esmerelda Gomez and the confidential source on October 16, 2015, is hearsay that may not be admitted under Fed. R. Evid. 801(d)(2)(E) ("Rule 801(d)(2)(E)") because it is not a statement that was made "during and in furtherance of the conspiracy." Mot. at 1. Lugo-Martinez argues that the chief objective of the conspiracy as alleged in the indictment—trafficking drugs in the Audi—had ended in failure on October 11 when the drugs were seized by police and Lugo-Martinez and others were arrested. Id. at 2. The conversation occurred five days later, and despite its relevance to the government's case against Lugo-Martinez, it could not have been in furtherance of a conspiracy that no longer existed, according to Lugo-Martinez. Id. In the alternative, Lugo-Martinez asks the Court to exclude Ex. 64A under Fed. R. Evid. 403 as irrelevant and highly prejudicial because the jury may be confused by the lengthy conversation and references to other parties and conspiracies that Gomez and the confidential source were involved with. Id. at 3-4.

In opposition, the government argues that Ex. 64A is admissible under Rule 801(d)(2)(E) because the conversation occurred squarely during and in furtherance of the ongoing conspiracy. Opp. at 1. The government argues that the fact that police had seized the drugs did not dissolve the agreement between Lugo-Martinez, Gomez, and others to traffic drugs. Id. Furthermore, the government argues that Gomez's substantial lack of knowledge of the arrest and expectation of contact from Lugo-Martinez and others demonstrate the conspiracy's persistence despite the seizure. Id.

"The general rule is that a 'conspiracy continues until there is affirmative evidence of abandonment, withdrawal, disavowal or defeat of the object of the conspiracy.'" United States v. Wilbur, 674 F.3d 1160, 1176 (9th Cir. 2012) (citing United States v. Recio, 371 F.3d 1093, 1096 (9th Cir.2004)). In United States v. Jimenez Recio, the Supreme Court clarified that "[a] conspiracy does not automatically terminate simply because the Government, unbeknownst to some of the conspirators, has 'defeat[ed]' the conspiracy's 'object.'" 537 U.S. 270, 274 (2003). In situations "where police have frustrated a conspiracy's specific objective but conspirators (unaware of that fact) have neither abandoned the conspiracy nor withdrawn," the unaware conspirators may still act in furtherance of the conspiracy, despite its object being defeated. Id. The Court does not find Ex. 64A to present such a situation. Here, the Court finds by a preponderance of the evidence that the object of the conspiracy for which Lugo-Martinez was indicted had been defeated when the police seized the drugs on October 11, 2015, and the transcript shows that Gomez and the confidential source were both aware of the seizure at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     **'O'**

time of their conversation on October 16, 2015. The Court finds that the conversation is neither during nor in furtherance of the conspiracy, so it cannot be admitted under Rule 801(d)(2)(E).

Accordingly, the Court **GRANTS** Lugo-Martinez's motion to exclude Ex. 64A.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |