UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL    'O'

| Case No. | 2:17-cr-00064-CAS-2&4 | Date | August 26, 2025 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | JohnPaul LeCedre, Not Present<br>Blake Hannah, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 2) RAYMUNDO LUGO MARTINEZ | NOT | | X | 2) ANNIE CARNEY<br>ERIN MURPHY | NOT<br>NOT | X<br>X | |
| 4) HENRY QUIJADA | NOT | | X | 4) JOHN AQUILINA | NOT | X | |

**Proceedings:** (IN CHAMBERS) – DEFENDANT RAYMUNDO LUGO-MARTINEZ'S MOTION *IN LIMINE* TO EXCLUDE SPECIAL AGENT FUNG'S VOICE IDENTIFICATION OF LUGO MARTINEZ (Dkt. 369)

On February 3, 2017, the government filed a three-count indictment against defendants Esmeralda Gomez ("Gomez"), Raymundo Lugo-Martinez ("Lugo-Martinez"), Javier Hernandez ("Hernandez"), and Henry Quijada ("Quijada") (collectively, "defendants"). Dkt. 1. The indictment charges defendants with (1) conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); and (3) sought criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1)(A). Id.

On December 8, 2021, Hernandez entered a plea of guilty to the first two counts of the indictment. Dkt. 99. Gomez has not made an appearance in this case.

The facts at issue in this case are set forth in the Court's order on Lugo-Martinez's motion to dismiss or for alternative remedies. [Motions under seal, dkts. 264, 290].

On August 21, 2025, Lugo-Martinez filed a motion *in limine* to exclude the voice identification of Lugo-Martinez by the government's witness, Special Agent Fung. Dkt. 369 ("Mot."). On August 22, 2025, the government filed its opposition. Dkt. 373 ("Opp.").

On August 22, 2025, the Court heard arguments from parties on these motions. Having carefully considered the parties' arguments and submissions, and for the reasons stated on the record, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES – GENERAL               'O'

Lugo-Martinez argues that Special Agent Fung should be precluded from making a contemporaneous in-court voice identification of Lugo-Martinez because Special Agent Fung lacks sufficient prior history or familiarity with Lugo-Martinez to help the jury make an informed opinion. Mot. at 2. Lugo-Martinez further requests that Special Agent Fung should be precluded from testifying that in 2015 he recognized Lugo-Martinez's voice because the probative value of this identification is outweighed by the danger of prejudice to Lugo-Martinez. Id. Lugo-Martinez argues that the identification would be cumulative of the confidential source's earlier identification of Lugo-Martinez as the person he spoke to on the phone. Id. at 3. And Lugo-Martinez argues that Special Agent Fung's status as a law enforcement officer makes his voice identification deeply prejudicial because jurors are often primed to believe the sworn testimony of an officer. Id.

In opposition, the government argues that Special Agent Fung's testimony is admissible lay testimony under Fed. R. Evid. 701 and 901(b)(5). Opp. at 1, 2. The government contends that Lugo-Martinez's challenge bears on the credibility and weight of the testimony, not its admissibility. Id. at 3.

The Court finds that Special Agent Fung's testimony is admissible opinion testimony by a lay witness. Lugo-Martinez can properly challenge the credibility and weight of Special Agent Fung's testimony on cross-examination.[1]

Accordingly, the Court **DENIES** Lugo-Martinez's motion to exclude Special Agent Fung's voice identification of Lugo-Martinez.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] During the government's direct examination of Special Agent Fung, the witness appeared to improperly rely on personal notes not offered as a material to refresh his recollection while counsel for Lugo-Martinez approached the bench for sidebar. Consequently, the Court permitted defense counsel to question Special Agent Fung outside of the presence of the jury. The Court declined to exclude Special Agent Fung's testimony but permitted defense counsel to cross-examine him on these revelations and to question his ability to independently recall from memory the events and details of his testimony.